**NOT FOR PUBLICATION**



FILED

APR 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50138 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-390-PA |
| v. | |
| CHRISTOPHER DELONG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 10, 2013[**]
Pasadena, California

Before: TALLMAN and M. SMITH, Circuit Judges, and ROSENTHAL, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for Southern Texas, sitting by designation.

Christopher DeLong appeals from the sentence he received after pleading guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. DeLong was sentenced to the lowest end of the Sentencing Guidelines range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

DeLong's guilty plea included a stipulated factual basis and an appeal-waiver provision that allowed him to appeal a sentence over 120 months. DeLong argues that the district court erred by denying him a two-level reduction under U.S.S.G. § 3B1.2 for playing a minor role in the offense; adding a criminal history point based on his prior misdemeanor conviction for tampering with utility services; and failing to reduce the criminal history category from V to IV.

The first argument fails because the record supports treating DeLong as comparable to his two codefendants, who received no role adjustment. The district court considered and rejected DeLong's argument that he was substantially less culpable than his codefendants because he did not attend three of the four meetings to sell methamphetamine to the confidential informant. The district court noted that a mitigating role adjustment depends on the defendant showing that he was substantially less culpable than the average participant. The district judge then properly compared DeLong's role in committing the conspiracy to that of his coconspirators. The judge did not, as DeLong contends, compare his role to that of

a hypothetical "average participant" in the type of crime involved. *See, e.g.*, *United States v. Johnson*, 297 F.3d 845, 874 (9th Cir. 2002); *United States v. Benitez*, 34 F.3d 1489, 1498 (9th Cir. 1994). The record supports the district court's conclusion that DeLong was essentially equal in culpability and involvement to his codefendants. The district court did not err by concluding that a minor-role adjustment was unwarranted. *See United States v. Rosas*, 615 F.3d 1058, 1067–68 (9th Cir. 2010).

DeLong's second argument, that the district court improperly calculated his criminal history category, also fails. The presentence report assigned one point for DeLong's prior misdemeanor conviction for tampering with utility services, in violation of California Penal Code § 498(b). DeLong received a fine for his conviction. Under U.S.S.G. § 4A1.2(c), a prior conviction for a listed misdemeanor offense—or an "offense[ ] similar to" a listed offense—is not included in the calculation if the only punishment was a fine and the prior and instant offenses differ. The district court rejected DeLong's argument that his prior utility-tampering offense was similar to trespassing, which is not included in the criminal history calculation. *See* U.S.S.G. § 4A1.2(c).

Application Note 12 to § 4A1.2 of the Sentencing Guidelines requires a district court to apply a "common sense" approach in determining "similarity" under § 4A1.2(c). *United States v. Grob*, 625 F.3d 1209, 1213 (9th Cir. 2010). A court

determines similarity between a listed misdemeanor offense and the offense at issue by comparing the punishments imposed, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct. U.S.S.G. § 4A1.2 cmt. n.12(A).

In California, trespassing and utility tampering are both misdemeanors. Depending on the circumstances, a similar range of punishment, from a fine to imprisonment for up to one year, may be imposed. *See* Cal. Penal Code §§ 498, 602. But the elements of the two offenses are markedly different. The Penal Code defines utility tampering as unlawfully taking electricity, gas, or water without paying for it. *See* Cal. Penal Code § 498(a)(2), (a)(4), (b). The Penal Code defines trespassing to include approximately 25 different acts. *See* Cal. Penal Code § 602(a)–(y). DeLong's offense of utility tampering could not have been described or prosecuted as trespassing under California law. *See Grob*, 625 F.3d at 1217. The level of culpability differs between the two offenses as well. Utility tampering requires an intentional plan to take electricity, gas, or water from the utility without lawfully paying for it, while trespassing can occur without intending to take something from the owner. The district court did not err by finding that utility tampering was more

4

akin to theft, which is properly included in the criminal history calculation, and by counting the conviction to place DeLong in criminal history category V.

DeLong's third argument is that because the one point addition pushed him from criminal history category IV to V, his criminal history is overstated and his sentence is substantively unreasonable. The record reflects that the district court properly examined the 18 U.S.C. § 3553(a) factors as well as the Guidelines basis for treating DeLong as in criminal history category V, and imposed a bottom-of-the-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The sentence is not substantively unreasonable.

AFFIRMED.